IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAKOTA RAYMOND BRODIE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 1:23-cv-216** |
| | ) | |
| **SUPERINTENDENT THOMPSON, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION**

**Susan Paradise Baxter, United States District Judge**

## I. Introduction

In July 2023, Plaintiff Dakota Brodie commenced this civil action against eleven Defendants affiliated with SCI-Albion, where he was then incarcerated. Although Plaintiff's complaint was largely incoherent, it appeared to be predicated on allegations that two corrections officials -- "CO1 Barth" and "CO1 Provencher" -- stabbed him in his eye on June 15, 2023, rendering him blind. ECF No. 8 at 4. Plaintiff also appeared to be claiming that unidentified medical care providers at SCI-Albion refused to offer him any treatment for his injury. *Id.* The case was referred for pretrial proceedings to then Chief U.S. Magistrate Judge Richard A. Lanzillo.

Upon review of the complaint pursuant to 28 U.S.C. §§1915(e)(2) and 1915A, the Court dismissed all claims in the case except for Plaintiff's Eighth Amendment claims against Defendants Bartha and Provencher based on their alleged use of excessive force, and his putative Eighth Amendment claims against unidentified medical personnel for alleged deliberate indifference to Plaintiff's serious medical needs. ECF No. 13. Following pretrial proceedings, the case was referred back from Judge Lanzillo to this Court for trial. ECF No. 57. Thereafter,

the Court granted Plaintiff's motion for appointment of counsel and directed the Clerk to conduct a search for voluntary *pro bono* counsel who might be willing to represent Plaintiff at trial. ECF Nos. 65, 66.

On August 24, 2026, the Court held a telephonic status conference at which Plaintiff failed to appear. ECF No. 89. On that date, defense counsel reported that she had contacted Recovery House, the location listed as Plaintiff's last known address of record, and was notified that Plaintiff had not reported to that facility. *Id.* Defense counsel had then managed to locate Plaintiff at the Franklin County Jail and had arranged with prison personnel for Plaintiff's participation in the scheduled telephonic conference. *Id.* Per the instructions of prison staff, defense counsel had contacted the Franklin County Jail shortly before the scheduled conference time and was told that Plaintiff had been released from their custody. *Id.*

Given the Court's inability to proceed at the August 24, 2026 conference, the undersigned rescheduled the telephonic status conference for October 5, 2026. ECF No. 90. However, on that date, neither Plaintiff nor defense counsel made an appearance, so the Court rescheduled the conference once again for October 21, 2026. ECF No. 92.

On October 21, 2026, defense counsel appeared at the telephonic conference, but Plaintiff did not, despite several attempts by the Court to contact him at his last known address of record (which was and still is listed as "Recovery House, 2138 Lincoln Way West, Chambersburg, PA 17202"). *See* ECF No. 93. Accordingly, the Court issued an order directing Plaintiff to show cause, by November 4, 2026, why the instant action should not be dismissed based on his failure to prosecute his claims. ECF No. 94. The Court expressly advised Plaintiff in its order that his failure to respond as directed could result in the dismissal of all claims in this case. *Id.* To date,

Plaintiff has not responded to the Court's "Show Cause Order," nor has he updated his address of record.

## II. Discussion

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a civil action may be involuntarily dismissed where the plaintiff "fails to prosecute or to comply with these rules or a court order[.]" *See also Brownlee v. Monroe Cty. Corr. Facility*, No. 19-3169, 2020 WL 3055829, at *2 (3d Cir. June 9, 2020) (citation omitted); *Shields v. Comm'r of Soc. Sec.,* 474 F. App'x 857, 858 (3d Cir. 2012). In determining whether to dismiss a complaint under Rule 41(b), courts consider the six factors laid out in *Poulis v. State Farm Fire and Casualty Company*, 747 F.2d 863 (3d Cir. 1984), *to wit*:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party ... was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis 'of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 878; *see Brownlee*, 2020 WL 3055829, at *2. "Each factor need not be satisfied for the trial court to dismiss a claim." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir. 2003). The Court's analysis follows.

*The Extent of Plaintiff's Personal Responsibility*

In this case, Plaintiff is proceeding *pro se*. He therefore bears sole personal responsibility for his own failure to diligently prosecute his case. This factor weighs in favor of dismissal.

*Prejudice to the Defendants*

As noted, this case was initiated in July 2023. Because of Plaintiff's ongoing failure to update his address of record or meaningfully participate in these proceedings, the Court has been unable to schedule trial or explore the possibility of a settlement. The remaining Defendants

have been prejudiced by the potential loss of evidence and by their inability to obtain a timely resolution of the claims against them. This factor weighs in favor of dismissal.

*Plaintiff's History of Dilatoriness*

As set forth above, Plaintiff has repeatedly failed to appear at the Court's scheduled conferences. He has also failed to update his contact information and address of record, thereby impeding the ability of the Court and opposing counsel to meaningfully communicate with him. This pattern of delinquency weighs in favor of dismissal.

*Whether the Plaintiff's Conduct Was Willful or in Bad Faith*

Because Plaintiff has not responded to the Court's show cause order, the undersigned cannot know the precise reasons for his delinquency. The Court does not necessarily infer bad faith motives on Plaintiff's part but, because he is conducting this litigation on his own behalf and is responsible for the prosecution of his claims, the Court infers that Plaintiff's delinquency is willful. This factor further justifies the dismissal of his claims.

*The Effectiveness of Lesser Sanctions*

Plaintiff is proceeding *pro se* and *in forma pauperis*; therefore, there are no other appropriate sanctions other than dismissal. *See Riley v. Sec'y Pennsylvania Dep't of Corr.*, 536 F. App'x 222, 226 (3d Cir. 2013); *see also Briscoe v. Klaus*, 538 F.3d 252, 262-263 (3d Cir. 2008). This factor, too, favors dismissal.

*The Merits of Plaintiff's Claim*

Because there has been no motions practice regarding Plaintiff's remaining claims, the Court is not in a position to judge the strength of Plaintiff's evidentiary proof. However, Plaintiff's actions suggest that he is not interested in pursuing his claims or, perhaps, that he does

not believe them to be meritorious. In any event, no single *Poulis* factor is totally dispositive. On balance, the totality of considerations weighs in favor of dismissal.

## III. Conclusion

Based upon the foregoing reasons, the complaint in this matter will be dismissed with prejudice. An appropriate order follows.

Susan Paradise Baxter
United States District Judge